UNITED STATES DISTRICT COURT
for the
**Western District of Kentucky**
**Louisville Division**

| | | |
|---|---|---|
| Anthony Elliott<br>　*Plaintiff*<br><br>v.<br><br>LVNV Funding, LLC<br>　*Defendant*<br>Serve:<br>　Corporation Service Company<br>　2711 Centerville Road, Suite 400<br>　Wilmington, DE 19801 | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.　3:16-cv-675-TBR |

**CLASS ACTION COMPLAINT**
**and DEMAND FOR JURY TRIAL**

**INTRODUCTION**

1.　This is an action by a consumer seeking declaratory relief and damages for himself and on behalf of all similarly-situated Kentucky citizens for Defendant LVNV Funding, LLC's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq.*, which prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

**JURISDICTION**

2.　This Court has jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 2201, and the FDCPA, 15 U.S.C. §1692k(d).

**PARTIES and VENUE**

3.　Plaintiff Anthony Elliott is a natural person who resides in Jeffersonville, IN. Mr. Elliott is a "consumer" within the meaning of the FDCPA, as defined at 15 U.S.C. §

1692a(3). Venue is proper in the Louisville Division of the Western District of Kentucky, because all of the events that give rise to Mr. Elliott's cause of action arose in Louisville, KY. Further, the issues raised in this complaint concern Kentucky post-judgment collection law.

4. Defendant LVNV Funding, LLC ("LVNV") is a Delaware limited liability company, which has not registered with the Kentucky Secretary of State, and is engaged in the business of purchasing debts from creditors and collecting these debts in this state. LVNV's principal place of business is located at Bank of America Building, 200 Meeting Street, Suite 206, Charleston, SC 29401-3187.

5. LVNV is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6).

## FACTS

6. On February 11, 2008, LVNV Funding, LLC ("LVNV") filed a complaint in the Jefferson Circuit Court (the "State Court Suit") against Mr. Elliott under case number 08-CI-01616 in an attempt to collect debt originated by CitiFinancial, Inc. ("Citi").

7. A true and accurate copy of LVNV's complaint in the State Court Suit is attached as Exhibit "A."

8. The Citi account was used exclusively for personal, family, and household purposes, which makes the debt a "debt" within the meaning of the FDCPA.

9. Mr. Elliott has no present recollection or records of ever having an account or any sort of other agreement with CitiFinancial, Inc. Consequently, Mr. Elliott does not believe that the Citi debt is his debt.

10. LVNV never served a copy of the summons and complaint on Mr. Elliott.

11. On May 13, 2008, LVNV moved for default judgment against Mr. Elliott.

12. The Jefferson Circuit Court granted the motion and entered judgment in LVNV's favor on May 21, 2008 (the "Default Judgment").

13. A true and accurate copy of the Default Judgment is attached as Exhibit "B."

14. The Default Judgment awarded LVNV "the sum of $6,178.30…plus all costs expended by Plaintiff."

15. While the Default Judgment awards "all costs expended by Plaintiff," no amount of court costs is included or set forth in the Default Judgment.

16. Under Kentucky law, court costs awarded under Ky. Civ. R. P. 54.04, which requires the prevailing party to file and serve a bill of costs on the defendant:

> A party entitled to recover costs shall prepare and serve upon the party liable therefor a bill itemizing the costs incurred by him in the action, including filing fees, fees incident to service of process and summoning of witnesses, jury fees, warning order attorney, and guardian ad litem fees, costs of the originals of any depositions (whether taken stenographically or by other than stenographic means), fees for extraordinary services ordered to be paid by the court, and such other costs as are ordinarily recoverable by the successful party. If within five days after such service no exceptions to the bill are served on the prevailing party, the clerk shall endorse on the face of the judgment the total amount of costs recoverable as a part of the judgment. Exceptions shall be heard and resolved by the trial court in the form of a supplemental judgment.

Ky.CR 54.04(2).

17. The purpose of requiring the prevailing party to file a bill of costs is twofold: (i) to give the losing party a chance to review and challenge the costs and amount of costs claimed by the prevailing party, and (ii) to subject the award of costs to judicial oversight and review.

18. If a prevailing party fails to file a bill of costs as required by law, the prevailing party may not recover court costs from the losing party.

19. LVNV did not file a bill of costs in the state court action.

20. LVNV did not serve a bill of costs on Mr. Elliott.

21. There is no supplemental judgment entered in the State Court Suit awarding LVNV court costs.

22. On May 19, 2016, LVNV filed and served a wage garnishment on Mr. Elliott's employer (the "Wage Garnishment").

23. A true and accurate copy of the Wage Garnishment is attached as Exhibit "C."

24. LVNV garnished $1,879.08 from Mr. Elliott's pay.

25. LVNV's Wage Garnishment provides in pertinent part:



26. Upon information and belief, the Amount Due of $12,083.62 stated in the Wage Garnishment includes self-awarded court costs.

27. The Default Judgment does not include the right to recover $20.00 in probable court costs.

28. Upon information and belief, the "Probable Court Costs" of $20.00 stated in the Wage Garnishment include processing fees that LVNV had to pay to the garnishee under KRS 425.501(3).

29. Processing fees paid to the garnishee under KRS 425.501(3) are not recoverable as court costs under Kentucky law.

30. On August 24, 2016, Mr. Elliott, by counsel, moved to vacate the Judgment on grounds that he had not been served with a copy of the summons and complaint in the State Court Suit.

31. On September 23, 2016, the Jefferson Circuit Court entered an order vacating the Judgment against Mr. Elliott.

32. On October 6, 2016, Mr. Elliott, by counsel, moved to dismiss the State Court Suit.

33. On October 11, 2016, the Jefferson Circuit Court dismissed the State Court Suit without prejudice.

34. As a pattern and practice LVNV has collected or attempted to collect court costs, processing fees, and other collection expenses pursuant to judgments it obtained against numerous Kentucky consumers for "debts" within the meaning of the FDCPA that it had no right to collect under Kentucky law.

## CLASS ALLEGATIONS

35. Plaintiff Anthony Elliott ("Elliott") brings this action individually and as a class action on behalf of all persons in the Commonwealth of Kentucky similarly situated comprised of the following persons:

**Class One:** All Kentucky consumers against whom Defendant LVNV Funding, LLC, or its agents, employees, or representatives, within one year of the date of filing this complaint:

(a) Obtained a judgment in any of the District or Circuit Courts of this state for a

"debt" within the meaning of the FDCPA, and

(b) collected or attempted to collect court costs expended in obtaining the judgment from the consumer when the judgment obtained against the consumer did not award LVNV its court costs, and/or without first filing and serving a bill of costs with the court and obtaining a supplemental judgment for costs pursuant to Ky. R. Civ. P. 54.04.

**Class Two:** All Kentucky consumers against whom Defendant LVNV Funding, LLC, or its agents, employees, or representatives, within one year of the date of filing this complaint:

(a) filed a wage or non-wage garnishment that included a processing fee paid to the garnishee pursuant to KRS 425.501(3) on one or more garnishees pursuant to a court judgment obtained in the Commonwealth of Kentucky for a "debt" within the meaning of the FDCPA, and

(b) collected or attempted to collect said processing fees from the consumer in violation of Kentucky law.

36. This action seeks the maximum statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2), be awarded to Plaintiff and all members of Class One and Class Two (jointly, "the Classes") for LVNV's violations of the FDCPA.

37. This action also seeks injunctive relief enjoining LVNV from seeking to collect or collecting court costs, processing fees, and other collection expenses it has no legal right to collect or attempt to collect from consumers pursuant to judgments obtained in the courts of the Commonwealth of Kentucky.

38. The proposed Classes as set out *supra* and so represented by Plaintiff Anthony Elliott in this action, and of which he himself is a member, consists of those persons defined

above and which proposed Classes are so numerous that joinder of individual members is impracticable.

39. Plaintiff's claims are typical of the claims of the proposed Classes as set out *supra*.

40. There are common questions of law and fact applicable to the members of the proposed Classes in this action that relate to and affect the rights of each member of the proposed classes, and the relief sought is common to the entire proposed class. In particular, all members of the proposed Classes have the same issues of law in common:

  (a) Whether LVNV had the right to collect or attempt to collect from consumers court costs expended in obtaining judgments in the District or Circuit Courts of this state when the judgment against the consumer did not award LVNV its court costs, and/or without filing and serving a bill of costs with the court and obtaining a supplemental judgment for costs in accordance with Ky. R. Civ. P. 54.04;

  (b) whether LVNV had the right to collect or attempt to collect from consumers statutory processing fees pursuant paid to garnishees under KRS 425.501(3).

41. There is no known conflict between Plaintiff and any other members of the proposed Classes with respect to this action, or with respect to the claims for relief herein set forth.

42. Plaintiff is the representative party for the proposed Classes and is able to, and will, fairly and adequately protect the interest of each of the proposed Classes.

43. Plaintiff's attorneys are experienced and capable in the field of consumer rights, including FDCPA violations.

44. Plaintiff's attorneys have successfully represented other claimants in similar

litigation.

45. The action is properly maintained as a class action in that the prosecution of separate actions by individual class members of the proposed Classes creates a risk of individual adjudications that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudication, or would substantially impair or impede their ability to protect their interest.

46. This action is properly maintained as a class action because the prosecution of separate actions by individual members of the proposed Classes would create risk of varying individual adjudications, which would establish incompatible standards of conduct for Defendant.

47. This action is properly maintained as a class action inasmuch as the questions of law and fact common to the proposed class members predominate over any questions affecting only individual members; a class action is superior to other methods available for the efficient adjudication of the controversy; the relief sought by all members of the proposed Classes will be effective and appropriate for the entirety of each proposed class; and all members of the proposed Classes have a right to damages or other relief that may be readily computed in each case or otherwise readily determined.

48. The identity of each individual member of the proposed class can be ascertained from the books and records maintained by Defendant.

49. Because many of the persons who comprise the proposed class in this case may not be aware of their rights, or may not be in a financial position to readily assert their rights, and because relegation of their claims to individual actions would result in an unreasonable multiplicity of suits and a corresponding burden on this and other courts, a class action is far

superior to all other methods for a fair and efficient adjudication of this controversy.

## CLAIMS FOR RELIEF

### Violations of the Fair Debt Collection Practices Act

50. The above-described actions by LVNV Funding, LLC ("LVNV") constitute violations of the Fair Debt Collection Practices Act.

51. Defendant LVNV's violations of the FDCPA include, but are not limited to, the following:

A. Violation of 15 U.S.C. 1692e by using false, deceptive, or misleading representation or means in connection with the collection of any debt;

B. Violation of 15 U.S.C. 1692e(2)(A) by the false representation of the character, amount, or legal status of any debt;

C. Violation of 15 U.S.C. 1692e(2)(B) by the false representation of compensation which may be lawfully received by any debt collector for the collection of a debt;

D. Violation of 15 U.S.C. 1692e(5) by threatening to take an action that cannot legally be taken or that is not intended to be taken;

E. Violation of 15 U.S.C. 1692e(10) by using a false representation or deceptive means to collect or attempt to collect a debt;

F. Violation of 15 U.S.C. 1692f by using unfair or unconscionable means to collect or attempt to collect a debt;

G. Violation of 15 U.S.C. 1692f(1) by the collection or attempt to collect an unauthorized amount (including any interest, fee, charge, or expense incidental to the principal obligation) in connection with the collection of a debt.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Anthony Elliott requests the Court grant him relief as follows:

a. Award the maximum amount of statutory damages for each member of the proposed classes provided under 15 U.S.C. §1692k;

b. Award Plaintiff Anthony Elliott and the members of the proposed classes their actual damages for court costs and lien recording fees paid;

c. Issue an injunction enjoining LVNV from collecting or attempting to collect court costs expended in obtaining judgments in District or Circuit Courts of the Commonwealth of Kentucky when the judgment against the consumer did not award LVNV its court costs, and/or without filing and serving a bill of costs and obtaining a supplemental judgment for costs pursuant to Ky. R. Civ. P. 54.04, and from collecting or attempting to collect statutory fees paid to garnishees in garnishments pursuant to KRS 425.501(3) from consumers;

d. Award Plaintiff attorney's fees, litigation expenses and costs;

e. Award Plaintiff and members of the Classes actual damages under 15 U.S.C. §1692k equivalent to any unauthorized court costs or expenses collected by LVNV from Plaintiff and members of the Classes;

f. A trial by jury; and

g. Such other relief as may be just and proper.

Respectfully submitted,

/s/ James McKenzie
**James McKenzie**
*James R. McKenzie Attorney, PLLC*
115 S. Sherrin Avenue, Suite 4
Louisville, KY 40207
Tel: (502) 371-2179
Fax: (502) 257-7309
jmckenzie@jmckenzielaw.com

James H. Lawson
*Lawson at Law, PLLC*
115 S. Sherrin Avenue, Suite 4
Louisville, KY 40207

-11-

        Tel:   (502) 473-6525  
        Fax:  (502) 473-6561  
        james@kyconsumerlaw.com