UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

| | |
|---|---|
| **ANTHONY ELLIOTT,** | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| v. | ) Case No. 3:16-cv-00675-RGJ |
| | ) |
| **LVNV FUNDING, LLC,** | ) |
| | ) |
| DEFENDANT. | ) |

**REVISED NOTICE OF CLASS ACTION LAWSUIT AND PROPOSED SETTLEMENT**

**PLEASE READ THIS NOTICE CAREFULLY. IT EXPLAINS YOUR RIGHTS AND OPTIONS TO PARTICIPATE IN A CLASS SETTLEMENT.**

**THIS IS NOT A NOTICE OF A LAWSUIT AGAINST YOU.**

**Why did you get this Notice?**

This is a notice of a proposed settlement in a class action lawsuit (the "Lawsuit"). The settlement would resolve the Lawsuit, which has been brought on behalf of a Class described below. Please read this Notice carefully. It explains the Lawsuit, the settlement, and your legal rights, including the process for excluding yourself from the settlement, or objecting to the settlement.

**What is this Lawsuit about?**

This Lawsuit was filed against Defendant LVNV Funding, LLC ("LVNV"), claiming that it violated state and federal law by attempting to collect court costs to which it was not entitled by attempting to collect judgment lien filing fees to which it was not entitled; and by attempting to collect garnishment filing fees to which it was not entitled. Plaintiff asserts that such acts renders LVNV liable under Kentucky state law and the Fair Debt Collection Practices Act (the "FDCPA"). LVNV denies Plaintiff's allegations and asserts that any alleged error was a bona fide error that occurred notwithstanding the maintenance of procedures reasonably adapted to avoid such errors. In addition, LVNV asserts a number of defenses under state and federal law, including, but not limited to, that certain claims are barred by the *Rooker-Feldman* doctrine, collateral estoppel, that Plaintiff cannot state a claim under Kentucky law or the FDCPA, and that Plaintiff cannot state a claim for violation of a state civil rule of procedure.

1

**Why is this a class action?**

In a class action, one or more people, called a "Class Representative" (in this case, Anthony Elliott), sue on behalf of people who have similar claims. All of these people together are a "Class" or "Class Members." The Court resolves the issues for all Class Members, except for those who exclude themselves from the Class.

**Why is there a settlement?**

Plaintiff, on the one hand, and LVNV, on the other, have agreed to settle the lawsuit to avoid the time, risk, and expense of litigating the lawsuit and to achieve a final resolution of the disputed claims. Under the proposed settlement, all Class Members will receive account adjustments and/or cash payments. The Class Representative and his attorneys, who are experienced consumer and class action attorneys, think the settlement is best for all Class Members.

**How do you know if your claims are included in the settlement?**

You received this Notice because LVNV's records identified you as a Class Member. That means you appear to fit the description of one or more of the Classes, which the Court has certified for settlement as follows:

    a. **Class I: "Prejudgment Court Costs Class"**

        All consumers against whom LVNV or its respective predecessors in interest, agents, employees, attorneys, or representatives (collectively, "LVNV"), filed a lawsuit in Kentucky, obtained a judgment against the consumer, and attempted to collect or did collect via a post-judgment garnishment between October 27, 2015 and the date the Court signs the order preliminarily approving the Settlement Agreement, prejudgment court costs from the consumer without filing a bill of costs itemizing the prejudgment court costs LVNV attempted to recover, or actually recovered. Members of Class I include consumers against whom LVNV actually collected prejudgment court costs without filing a bill of costs itemizing the costs recovered from the consumer and those consumers whom LVNV attempted to, but did not collect prejudgment court costs without filing a bill of costs itemizing the costs sought to be recovered from the consumer.

    b. **Class II: "Judgment Lien Filing Fee and Garnishment Fee Class"**

        All consumers against whom LVNV or its respective predecessors in interest, agents, employees, attorneys, or representatives (collectively, "LVNV"), filed a lawsuit in Kentucky, obtained a judgment against the consumer, and

attempted to collect or did collect via a post-judgment garnishment between October 27, 2015 and the date the Court signs the order preliminarily approving the Settlement Agreement, a post-judgment filing fee paid by LVNV to file a "Notice of Judgment Lien Upon Real Estate" pursuant to a judgment entered against the consumer. Members of Class II include consumers against whom LVNV actually collected a post-judgment filing fee paid by LVNV to file a "Notice of Judgment Lien Upon Real Estate" pursuant to a judgment entered against the consumer and those consumers against whom LVNV attempted to, but did not collect a post-judgment filing fee paid by LVNV to file a "Notice of Judgment Lien Upon Real Estate" pursuant to a judgment entered against the consumer. Members of Class II also include all consumers against whom LVNV filed a lawsuit in Kentucky, obtained a judgment against the consumer, and attempted to collect or did collect via a post-judgment garnishment between October 27, 2015 and the date the Court signs the order preliminarily approving the Settlement Agreement, a post-judgment garnishment fee paid by LVNV to either a garnishee or a clerk of court to file a garnishment to enforce a judgment entered against a consumer. This includes consumers against whom LVNV actually collected a post-judgment garnishment fee paid by LVNV to file a garnishment to enforce a judgment entered against the consumer and those consumers against whom LVNV attempted to, but did not collect a post-judgment garnishment fee paid by LVNV to file a garnishment to enforce a judgment entered against the consumer.

**What does the settlement provide?**

**Below, you will find a general overview of how different class members will be paid or credited. At the end of this notice, on page 8, you will find specific information about your account and what you can expect to receive as a Class Member.**

LVNV has agreed to issue credits against the judgments or cash payments as follows:

    A.    **Classes I and II: Active Accounts**

Active Accounts: Those members of Classes I and II whose Accounts are active.

> Settlement Benefits (actual damages): LVNV shall credit the Class Members' Judgment Balance with the prejudgment court costs and/or post-judgment fees sought to be collected, and any payment made by the Class Member that went in total or in part to prejudgment court costs and/or post-judgment fees will be

> reversed and reapplied to the Judgment Balance. Settlement Benefits (statutory damages): LVNV shall credit each Class Members' Judgment Balance an additional $75.00.

### B. Classes I and II: Paid, Settled, or Written Off Accounts

Paid, Settled, or Written Off Accounts: Those members of Classes I and II whose Accounts are paid, settled, or written off.

> Settlement Benefits (actual damages): LVNV shall make a cash payment to the Class Members in an amount of any payment made by the Class Member that went in total or in part to prejudgment court costs and/or post-judgment fees, whether the Account was paid, settled, or written off by LVNV. If the Account was written off, LVNV agrees that said accounts are forever released and permanently uncollectable.
>
> Settlement Benefits (statutory damages): LVNV shall make an additional cash payment of $75.00 to each Class Member.

For any Class Member who, before the credits set forth above are issued, satisfied the judgment entered against them, LVNV will issue to such Class Member a check in the amount of the credits they would have been due under the settlement. For Class Members whose credits in the settlement would satisfy the judgment against them, LVNV will issue a check in the amount of the negative balance after the credits. LVNV shall also file a satisfaction of judgment for any judgment paid-in-full through the credits provided by the settlement and release any judgment liens.

LVNV has also agreed to pay the costs associated with settlement notice and administration and to pay the total sum of Eighty Thousand Dollars ($80,000) as reasonable attorney's fees and costs through the conclusion and final dismissal of this Lawsuit ("Attorney's Fees and Expense Award"), subject to Court approval. LVNV has also agreed to pay Three Thousand Dollars ($3,000) to the Class Representative Anthony Elliott ("Representative Plaintiff"), subject to Court approval. Finally, for the Representative Plaintiff, LVNV shall file a satisfaction of the final Judgment that was entered against the Representative Plaintiff, and LVNV shall file a release of the liens recorded as to said final Judgments as to the Representative Plaintiff.

Other than as set forth herein, judgments against class members shall remain in effect, shall not be released, and LVNV shall be entitled to continue collection efforts on said judgments although the amounts owed on said judgments shall be reduced by implementation of the Settlement Agreement and entry of a Final Judgment.

**What do you need to do to participate in the settlement?**

Do nothing. If you remain in the Class and if the settlement is approved you will receive the benefits due to you under the settlement.

**When will you be paid?**

If the Court approves the Settlement, you will be paid, or your judgment balance will be adjusted as soon as practical after the Court order becomes final, estimated to be no later than sixty one (61) days after the judgment in the lawsuit has become final. If there is an appeal of the settlement, payment will be delayed.

**What rights are you giving up in this settlement?**

Unless you exclude yourself from this settlement, you will be considered a member of the Class, which means you give up your right to sue or continue a lawsuit against LVNV over the released claims. Giving up your legal claims is called a release. Unless you formally exclude yourself from this settlement, you will release your claims.

"Released Claims" are defined in the settlement as any and all claims and causes of action, whether known or unknown, that were made or could have been made in the Action arising out of or related in any way to LVNV's efforts to collect on the Judgments, including but not limited to those claims arising under the FDCPA or any state statute or rule of procedure.

The "Released Claims" will apply to LVNV and its "Related Parties," which are defined in the settlement as LVNV's respective predecessors in interest, agents, employees, representatives, divisions, affiliates, and any other person or entity sharing common control or ownership with LVNV and each of LVNV's present or former employees, officers, directors, shareholders, parents, members, partners, corporations, principals, agents, representatives, insurers, attorneys (including collection attorneys named or not named as co-defendants in any lawsuit against LVNV, related to work said collection attorneys performed to collect the Judgments of any Class Member), assignors, assigns, predecessors, predecessors-in-interest, successors, successors-in-interest, consultants, vendors, and collection agencies.

Other than the account adjustments and or cash payments described in this Notice, the settlement of this case does not affect any collection lawsuits that may be pending, and this settlement does not extinguish or modify LVNV's rights in any class member's debts.

For more information on the release, released parties, and released claims, you may obtain a copy of the Class Action Settlement Agreement from the United States District Clerk for the Western District of Kentucky.

**Entering an appearance.**

Any class member who desires to enter an appearance pursuant to Rule 23(c)(2)(B)(iv) must do so by_____, 2019. To do so, you must file with the Clerk of Court a written notice of your appearance and you must serve a copy of that notice, by mail or hand-delivery, upon Class Counsel and LVNV's counsel at the addresses set forth below.

**Excluding yourself from the settlement.**

You may exclude yourself from the settlement, in which case you will receive nothing from the settlement. If you wish to exclude yourself from (opt out of) the Class(es) and the proposed Settlement, you must mail a written request for exclusion to Class Counsel and LVNV's Counsel postmarked no later than _____, 2019. In any such written request for exclusion, you must include your full name, current address, telephone number, the name and caption of this Action, the last four digits of your Social Security number, your signature, together with a statement to the effect that you wish to be excluded from or opt out of the Class(es). Any such written request for exclusion must be sent to Class Counsel and LVNV's Counsel at the following addresses:

| | |
|---|---|
| Class Counsel: | James H. Lawson, Esq.<br>Lawson at Law, PLLC<br>115 S. Sherrin Ave., Suite 5<br>Louisville, KY 40207 |
| | James R. McKenzie, Esq.<br>James R. McKenzie Attorney, PLLC<br>115 S. Sherrin Ave., Suite 5<br>Louisville, KY 40207 |
| LVNV's Counsel: | Gregory S. Berman, Esq.<br>Jordan M. White, Esq.<br>WYATT, TARRANT & COMBS, LLP<br>500 West Jefferson Street, Suite 2800<br>Louisville, Kentucky 40202-2898 |

The request should be signed by you. If any person signs on your behalf that person must attach a power of attorney authorizing that signature.

**When and where will the Court decide whether to approve the settlement?**

The Court will hold a Final Fairness Hearing on the ____ day of _____,____, at _____, in Louisville, Kentucky, At the Final Fairness Hearing the Court will consider whether the proposed settlement is fair, reasonable, and adequate and, if so,

whether it should be granted final approval. The Court will hear objections to the settlement, if any. The Court may make a decision at that time, postpone a decision, or continue the hearing.

**Do you have to attend the hearing?**

No. You are not required to attend the hearing. But you are welcome to attend the hearing at your own expense, and you may ask the Court's permission to speak. You cannot speak at the hearing if you have excluded yourself from the settlement. Once you have excluded yourself, the settlement does not affect your legal rights.

**What if you want to object to the settlement?**

If you have not excluded yourself from the settlement, you can object to the settlement if you do not believe it is fair, reasonable, and adequate. If you wish to object, you must either file a formal objection or else send a letter to the Court. Any such objection or letter **must** state: (1) your full name, address, telephone number, and the last four digits of our Social Security number; (2) the factual and legal grounds for your objection; (3) whether you intend to appear at the Final Fairness Hearing on your own behalf or through counsel; and (4) the names, addresses, and phone numbers of all witnesses whom you or your attorney intends to call at the Final Fairness Hearing. Your formal objection or letter must be accompanied by any evidence you wish to introduce to support your objection. Your formal objection or letter must be mailed to all of the locations listed below, postmarked by _____, 2019.

| **Court** | **Class Counsel** | **Defense Counsel** |
|---|---|---|
| Clerk of Court<br>United States District Court<br>501 Broadway<br>Paducah, KY 42001 | James H. Lawson, Esq.<br>Lawson at Law, PLLC 115<br>S. Sherrin Ave., Suite 5<br>Louisville, KY 40207<br><br>James R. McKenzie, Esq.<br>James R. McKenzie Attorney, PLLC<br>115 S. Sherrin Ave., Suite 5<br>Louisville, KY 40207 | Gregory S. Berman, Esq.<br>Jordan M. White, Esq.<br>WYATT, TARRANT &<br>COMBS, LLP<br>500 West Jefferson Street, Suite 2800<br>Louisville, Kentucky 40202-2898 |

**What if you do nothing?**

If you do nothing, you will remain in the Class and be bound by the settlement, if it is approved.

7

**What will happen if the Court does not approve the settlement?**

If the Court does not approve the settlement, or if it approves the settlement and the approval is reversed on appeal, or if the settlement does not become final for some other reason, you will receive no benefits and the case will continue. The parties may try to negotiate a different settlement or the case may go to trial.

**Who represents the Class?**

The attorneys who have been appointed by the Court to represent the Class are:

| | |
|---|---|
| James H. Lawson, Esq. | James R. McKenzie, Esq. |
| Lawson at Law, PLLC | James R. McKenzie Attorney, PLLC |
| 115 S. Sherrin Ave., Suite 5 | 115 S. Sherrin Ave., Suite 5 |
| Louisville, KY 40207 | Louisville, KY 40207 |

**Who represents the Defendant?**

Gregory S. Berman
Jordan M. White
WYATT, TARRANT & COMBS, LLP
500 West Jefferson Street, Suite 2800
Louisville, Kentucky 40202-2898

**Specific Information**

LVNV's records reflect that you are a member of Class(es) __, described above. You will receive a refund of $_____, a cash payment of $_____, and/or a credit to your judgment balance in the amount of $_____.

LVNV's records reflect that your judgment balance after accounting for all payments and/or credits will be $_____.

**Where can you get additional information?**

This notice is only a summary of the proposed settlement of this lawsuit. All pleadings and documents filed in Court, including the Class Action Settlement Agreement, may be reviewed or copied in the Clerk of Court, United States District Court for the Western District of Kentucky. Please do not call the Judge about this case. **Neither the Judge, nor the Clerk of Court, will be able to give you advice about this case. Furthermore, LVNV's attorneys cannot give you legal advice.**


Dated:_____, 2019.

61720774.2