UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

ANTHONY ELLIOTT                                                              Plaintiff

v.                                                            Civil Action No. 3:16-cv-00675-RGJ

LVNV FUNDING, LLC                                                           Defendant

* * * * *

## MEMORANDUM OPINION AND ORDER

Plaintiff Anthony Elliott, individually and on behalf of all others similarly situated ("Plaintiff"), brings this action against Defendant LVNV Funding, LLC ("LVNV") seeking relief for alleged violations of the Fair Debt Collection Practices Act (the "FDCPA"). [DE 1]. Plaintiff and LVNV (the "Settling Parties") now file a Renewed Joint Motion for Certification of Settlement Class and Preliminary Approval of Class Action Settlement Agreement (the "Renewed Motion"). [DE 30]. The matter is ripe. For the reasons below, the Renewed Motion is **GRANTED**.

## I.  BACKGROUND

### A.  Factual and Procedural History

LVNV is "engaged in the business of purchasing debts from creditors and collecting these debts." [DE 1 at 2]. Mr. Elliott filed a Class Action Complaint on behalf of himself and two classes, arguing that LVNV has a "pattern and practice" of collecting "court costs, processing fees, and other collection expenses pursuant to judgments it obtained against . . . Kentucky consumers . . . that it ha[s] no right to collect under Kentucky law." *Id.* at 5. Mr. Elliott seeks relief related to LVNV's alleged violations of the FDCPA as they apply to two classes of people: (1) those people against whom LVNV had illegally sought to collect court costs, and (2) those people against whom LVNV had illegally tried to collect garnishment fees. *Id.* at 5–6.

1

After negotiating at arm's length for more than five months, Mr. Elliott and LVNV filed a Joint Motion for Certification of Settlement Class and Preliminary Approval of Class Action Settlement Agreement (the "Joint Motion"), requesting that the Court certify a "Prejudgment Court Costs Class" and a "Judgment Lien Filing Fee and Garnishment Fee Class." [DE 22-2 at 107]; [DE 22 at 67–69]. As an exhibit, the Settling Parties attached a proposed class action settlement agreement. [DE 22-1]. The Settling Parties also attached a proposed notice of class action Lawsuit and Proposed Settlement. [DE 22-5]. The Court denied the Joint Motion without prejudice, finding that the proposed settlement agreement was not fair, reasonable, and adequate and that the proposed notice was inadequate. [DE 29 at 143–45].

The Settling Parties filed the Renewed Motion, [DE 30], attaching a Revised Class Action Settlement Agreement (the "Revised Settlement Agreement"), [DE 30-1], and Revised Notice of Class Action Lawsuit and Proposed Settlement (the "Revised Notice"), [DE 30-2].

**B.      The Revised Settlement Agreement**

*1.      Class Membership*

The Revised Settlement Agreement would create two classes: "Class I: Prejudgment Court Costs Class" and "Class II: Judgment Lien Filing Fee and Garnishment Fee Class" (the "Prejudgment Class" and "Post-Judgment Class," respectively). [DE 30-1 at 153–55]. Class I encompasses those against whom LVNV sought to collect "prejudgment court costs . . . without filing a bill of costs itemizing the prejudgment court costs." [*Id.* at 154]. Class II encompasses those against whom LVNV tried to collect a "post-judgment filing fee paid by LVNV to file a 'Notice of Judgment Lien Upon Real Estate'" and/or a "post-judgment garnishment fee." [*Id.* at 154–55].

*2.    Class Benefits*

The settlement is calculated to refund class members for the amount sought by LVNV:

> The settlement agreement refunds all allegedly improper amounts that LVNV sought or collected from the class members. Additionally, LVNV will provide class members an additional account credit.
> Thus, pursuant to the Settlement Agreement, no class member will have paid more than Plaintiff alleges they should have paid, and all class members will receive cash or credit against their judgments. The settlement essentially removes the amounts Plaintiff claims were improperly added to the judgment balances and makes the class members whole.

[DE 22 at 78].

More specifically, members of both classes would both receive an amount equal to the "prejudgment court costs and/or post-judgment fees" LVNV has collected, or sought to collect, from them, either in the form of a credit to their account with LVNV, or, if they no longer have an account with LVNV, in cash.  [DE 30-1 at 158–59].  Both classes would also receive $75.00 in statutory damages.  *Id.*

*3.    Waiver*

In a section entitled "Release," the Revised Settlement Agreement provides that in exchange for the above-detailed benefits, members of both Classes would "forever release . . . LVNV and its Related Parties[1] from any and all claims and causes of action, whether known or unknown, that were made or could have been made in the Action arising out of or related

---

[1] LVNV's "Related Parties" include LVNV's "predecessors in interest, agents, employees, representatives, divisions, affiliates, and any other person or entity sharing common control or ownership with [LVNV] and each of [LVNV's] present or former employees, officers, directors, shareholders, parents, members, partners, corporations, principals, agents, representatives, insurers, attorneys (including collection attorneys named or not named as co-defendants in any lawsuit against LVNV, related to work said collection attorneys performed to collect the Judgments of any Class Member), assignors, assigns, predecessors, predecessors-in-interest, successors, successors-in-interest, consultants, vendors, and collection agencies." [*Id.* at 88–89].

in any way to LVNV's efforts to collect on the Judgments, including but not limited to those claims arising under the FDCPA or any state statute or rule of procedure ('Released Claims')." [*Id.* at 164–65].

The Revised Notice contains a section entitled "What rights are you giving up in this settlement?" [DE 30-2 at 177]. This section states that unless the recipient excludes himself from the settlement, he will "give up [his] right to sue or continue a lawsuit against LVNV over the released claims." [*Id.*]. The Revised Notice defines the phrase "released claims" in the same manner as the Revised Settlement Agreement.[2] [*Id.*].

## II.    DISCUSSION

Plaintiff and LVNV have filed a Renewed Motion. Before the Court can preliminarily approve the Revised Settlement Agreement, it must preliminarily certify the class under 23(a) and (b) of the Federal Rules of Civil Procedure, appoint class counsel, and approve the class representative. Afterward, it must determine whether the Revised Settlement Agreement is fair, adequate, and reasonable. *UAW v. GMC*, 497 F.3d 615, 631 (6th Cir. 2007).

### A.    Class Certification

#### 1.    Standard

District courts have "broad discretion in certifying class actions," but "must exercise that discretion within the framework of Rule 23." *Coleman v. General Motors Acceptance Corp.*, 296 F.3d 443, 446 (6th Cir. 2002) (citing *Cross v. Nat'l Trust Life Ins. Co.*, 553 F.2d 1026, 1029 (6th Cir. 1977)). "The party seeking the class certification bears the burden of proof." *In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1079 (6th Cir. 1996). Rule 23(a) imposes requirements of numerosity, commonality, typicality, and adequacy of representation, and a district court must conduct "a

---

[2] The original proposed notice did not define the phrase "released claims." [*See* DE 29 at 140].

4

rigorous analysis" to ensure that "the prerequisites of Rule 23(a) have been satisfied." Fed. R. Civ. P. 23(a); *Gen. Tel. Co. v. Falcon*, 457 U.S. 147, 161 (1982). Certification is inappropriate if a class fails to satisfy any of the four Rule 23(a) prerequisites. *Ball v. Union Carbide Corp.*, 385 F.3d 713, 727 (6th Cir. 2004). The Rule 23 prerequisites are not relaxed in the settlement context, and courts should apply the Rule 23 analysis independent of a "fairness" analysis. *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 620–22 (1997). Together with the Rule 23(a) prerequisites, the moving parties "must demonstrate that the class fits under one of the three subdivisions of Rule 23(b)." Fed. R. Civ. P. 23(b); *Coleman*, 296 F.3d at 446.

In ruling on a motion for class certification, courts do not examine the merits of the plaintiffs' underlying claims. *See Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177 (1974). "A Rule 23 determination is wholly procedural and has nothing to do with whether a plaintiff will ultimately prevail on the substantive merits of its claim." *Little Caesar Enter., Inc. v. Smith*, 172 F.R.D. 236, 241 (E.D. Mich. 1997). Courts also assume that the substantive allegations of the complaint are true and that cognizable claims are stated. *See Eisen*, 417 U.S. at 178. "Nonetheless, the Court must undertake an analysis of the issues and the nature of required proof at trial to determine whether the matters in dispute and the nature of plaintiffs' proofs are principally individual in nature or are susceptible of common proof equally applicable to all class members." *Little Caesar*, 172 F.R.D. at 241. "[W]hen a court is in doubt as to whether to certify a class action, it should err in favor of allowing a class." *Id*. (citing *Eisenberg v. Gagnon*, 766 F.2d 770, 785 (3d

Cir. 1985); *Horton v. Goose Creek Independent School Dist.*, 690 F.2d 470, 487 (5th Cir. 1982); *Esplin v. Hirschi*, 402 F.2d 94, 101 (10th Cir. 1968)).

    *2.*     *Analysis*

    a.     <u>Numerosity</u>

The first requirement for class certification is that "the class be so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). "There is no strict numerical test for determining impracticability of joinder." *In re Am. Med. Sys. Inc.*, 75 F.3d at 1079. "There is no automatic cut-off point at which the number of plaintiffs makes joinder impractical, thereby making a class-action suit the only viable alternative. However, sheer number of potential litigants in a class, especially if it is more than several hundred, can be the only factor needed to satisfy Rule 23(a)(1)." *Bacon v. Honda of Am. Mfg., Inc.*, 370 F.3d 565, 570 (6th Cir. 2004) (internal citations omitted).

The Settling Parties have represented that "the proposed settlement classes collectively includes [*sic*] over 400 distinct class members. [DE 22 at 74]. Given this, the Court finds that the numerosity requirement of Rule 23(a)(1) is met. *See e.g., Taber v. McCracken Cty.*, No. 5:06-CV-144-R, 2008 WL 5101684, at *3 (W.D. Ky. Nov. 26, 2008) (finding the numerosity prerequisite met when the putative class numbered 54).

    b.     <u>Commonality</u>

The second Rule 23(a) prerequisite for class certification is that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). "Although Rule 23(a)(2) speaks of 'questions' in the plural . . . there need only be one question common to the class." *Sprague v. Gen. Motors Corp.*, 133 F.3d 388, 397 (6th Cir. 1998). "It is not every common question that will suffice, however; at a sufficiently abstract level of generalization, almost any set of claims can be

said to display commonality." *Id.*  What the Court must look for "is a common issue the resolution of which will advance the litigation." *Id.*

Both putative classes share a common question of law: LVNV's liability to the members of Class I would turn on whether seeking to collect prejudgment court costs without filing a bill of costs itemizing the prejudgment court costs in Kentucky violates the FDCPA, while LVNV's liability to the members of Class II would turn on whether collecting a post-judgment filing fee to file a Notice of Judgment Lien Upon Real Estate or a post-judgment garnishment fee in Kentucky violates the FDCPA.  The commonality requirement set forth in Rule 23(a)(2) is therefore met.

c.      Typicality

Rule 23(a)(3) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class."  This typicality prerequisite "determines whether a sufficient relationship exists between the injury to the named plaintiff and the conduct affecting the class, so that the court may properly attribute a collective nature to the challenged conduct." *Sprague*, 133 F.3d at 399 (citing *In re Am. Med. Sys.*, 75 F.3d at 1082).  "A claim is typical if 'it arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory.'" *Beattie v. CenturyTel, Inc.*, 511 F.3d 554, 561 (6th Cir. 2007) (quoting *In re Am. Med. Sys.*, 75 F.3d at 1082).  "[F]or the district court to conclude that the typicality requirement is satisfied, 'a representative's claim need not always involve the same facts or law, provided there is a common element of fact or law.'" *Id.* (quoting *Senter v. Gen. Motors Corp.*, 532 F.2d 511, 525 n.31 (6th Cir. 1976)).  On the other hand, a claim,

if proven, is not typical if it would only prove the named plaintiff's claim. *See Sprague*, 133 F.3d at 399.

The claims and injuries alleged by Mr. Elliott typify those experienced by the settlement classes. If LVNV illegally sought prejudgment court costs and post-judgment lien filing fees and garnishment fees, Mr. Elliott and the members of the settlement classes suffered nearly identical injuries—the only substantial difference would be the difference in amounts sought by LVNV, if any. The typicality requirement set forth in Rule 23(a)(3) is therefore met.

      d.    <u>Adequacy of Representation</u>

The fourth requirement for class certification is that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "There are two criteria for determining whether the representation of the class will be adequate: 1) The representative must have common interests with unnamed members of the class, and 2) it must appear that the representatives will vigorously prosecute the interests of the class through qualified counsel." *Senter*, 532 F.2d at 524–25. "The adequacy inquiry under Rule 23(a)(4) serves to uncover conflicts of interest between the named parties and the class they seek to represent. A class representative must be part of the class and possess the same interest and suffer the same injury as the class members." *Amchem*, 521 U.S. at 625–26; *see also Cross*, 553 F.2d at 1031 (Rule 23(a)(4) tests "the experience and ability of counsel for the plaintiffs and whether there is any antagonism between the interests of the plaintiffs and other members of the class they seek to represent.").

The injuries alleged by Mr. Elliott are substantially the same as the injuries accruing to the classes—Mr. Elliott alleges that LVNV sought to collect prejudgment court costs from him without filing a bill of costs itemizing the prejudgment court costs, making him a member of Class I, and that LVNV tried to collect a post-judgment garnishment fee from him, making him a member

of Class II. [DE 1 at 3–4]. For these reasons, Mr. Elliott, as the named representative, shares common interests with the unnamed members of the settlement classes and can be appointed as class representative.

Under the second prong of Rule 23(a)(4), the Court must also look to the adequacy of the representative plaintiff's representation "to determine whether class counsel are qualified, experienced and generally able to conduct the litigation." *Stout v. J.D. Byrider*, 228 F.3d 709, 717 (6th Cir. 2000). A plaintiff's choice of counsel "should negatively impact our determination of adequacy at this early stage only if the proposed lead counsel is 'so deficient as to demonstrate that it will not fairly and adequately represent the interests of the class.'" *In re Vicuron Pharms., Inc. Sec. Litig.*, 225 F.R.D. 508, 511–12 (E.D. Pa. 2004), (*quoting In re Cendant Corp. Litig.*, 264 F.3d 201, 266 (3d Cir. 2001)). And while experience prosecuting class action suits is a factor to be weighed when determining the adequacy of class counsel, it is not dispositive. *See Wells v. Allstate Ins. Co.*, 210 F.R.D. 1, 11 (D.D.C. 2002) (finding that class counsel "meet the basic standard for adequacy of counsel" despite having "no prior experience in prosecuting class action lawsuits").

Counsel for Mr. Elliott have litigated over three-hundred consumer-rights cases, many which have involved the FDCPA, including nine cases involving the alleged violations of the FDCPA at issue here. [DE 22-2 at 107, 109]. While counsel for Mr. Elliot do not appear to be experienced with class-action suits specifically,[3] they appear qualified to represent the interests

---

[3] In the original motion for class certification, the parties assert that Mr. Elliott's counsel "have previously represented consumer classes." [DE 22 at 76]. In the attached Declaration of James McKenzie and James Hays Lawson, however, Mr. Elliott's counsel detail their experience at length and mention no experience with class-actions. [DE 22-2 at 106–11].

adequately of the settlement classes. The adequacy requirement set forth in Rule 23(a)(4) is therefore met.

    e.  <u>Rule 23(b)(3)</u>

   Along with satisfying the requirements of Rule 23(a), "parties seeking class certification must show that the action is maintainable under Rule 23(b)(1), (2), or (3)." *Amchem*, 521 U.S. at 614. The Settling Parties assert that the proposed class satisfies the requirements of Rule 23(b)(3).

   After satisfying Rule 23(a), a class action may be maintained if "the court finds that questions of law or fact common to the class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). The Rule 23(b)(3) predominance requirement parallels the Rule 23(a)(2) commonality requirement in "that both require that common questions exist, but subdivision (b)(3) contains the more stringent requirement that common issues 'predominate' over individual issues." *In re Am. Med. Sys., Inc.*, 75 F.3d at 1084. A district court must determine whether the questions common to the class are "at the heart of the litigation." *Powers v. Hamilton Cty. Pub. Def. Com'n*, 501 F.3d 592, 619 (6th Cir. 2007). "The predominance requirement is satisfied unless it is clear that individual issues will overwhelm the common questions and render the class action valueless." *In re Cardizem CD Antitrust Litig.*, 200 F.R.D. 297, 307 (E.D. Mich. 2001). "Common questions need only predominate: they need not be dispositive of the litigation." *Id.*

   Here, a class action is the superior method of adjudicating the controversy. Common questions of law and fact predominate over any potential individual issues. The issues here turn on whether LVNV violated Kentucky consumer-protection laws, and thereby violated the FDCPA. Whether LVNV violated these laws by seeking to collect prejudgment court costs and post-

judgment fees is a question that is common to all class members. The proof that Mr. Elliott would have to produce in order to substantiate his allegations would be similar in kind to the proof required of the other class members—that LVNV sought to collect the costs and fees in question.

Additionally, class action represents a superior means of fairly and efficiently adjudicating this case. The amount of damages incurred by individual class members likely cannot justify pursuing individual actions, making a class action a valuable tool for all class members. *See Pfaff v. Whole Foods Mkt. Grp. Inc.*, No. 1:09–CV–02954, 2010 WL 3834240, at \*7 (N.D. Ohio Sept. 29, 2010) ("[T]he most compelling rationale for finding superiority in a class action is the existence of a 'negative value suit,' . . . one in which the costs of enforcement in an individual action would exceed the expected individual recovery."). The Court thus finds that the common questions in this case are not overshadowed by the individual issues, and that certification of a settlement class is appropriate. The commonality and superiority requirements of Rule 23(b)(3) are satisfied.

Having considered the requirements of Rule 23(a) and Rule 23(b)(3) and finding them to be satisfied, the proposed class defined in the settlement agreement is certified for settlement purposes.

**B.     Appointment of Class Counsel**

*1.     Standard*

"[A] court that certifies a class must appoint class counsel." Fed. R. Civ. P. 23(g). In making that determination, the Court must consider:

> (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the

applicable law; and (iv) the resources that counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(a).

      *2.*      *Analysis*

Here, counsel for Mr. Elliott has moved for appointment as class counsel. In support of this motion, counsel represents that they have "conducted an investigation as to the factual and legal merits of the claims of Mr. Elliott and the putative class under the FDCPA," which "included written discovery in the instant class action." [DE 22-2 at 106–07]. Counsel have engaged in settlement discussions spanning more than five months, the result of which is the Revised Settlement Agreement currently pending. [*Id.* at 107]. As noted above, while counsel does not appear to have extensive experience with class-actions, counsel have litigated over three-hundred consumer-rights cases, including nine cases involving the alleged violations of the FDCPA here. [*Id.* at 107, 109]. Finally, proposed class counsel have shown a willingness to commit substantial time and resources to representing the claims of the class. Having considered the motion for appointment of class counsel, , James Hays Lawson, of Lawson at Law, PLLC, and James McKenzie, of James R. McKenzie Attorney, PLLC, are designated as counsel for the certified settlement class.

## C.    **Preliminary Approval of The Revised Settlement Agreement**

In its previous Order [DE 29], the Court found that the original proposed settlement was not fair, reasonable, and adequate because it provided members of Class II benefits commiserate with the prejudgment costs LVNV had sought to collect despite Class II being defined as individuals against whom LVNV had sought to collect post-judgment fees. [DE 29 at 144]. The Court also found that the original proposed notice was insufficient for failing to notify class

members of the waiver provision in the original proposed settlement. [*Id*. at 144–45]. These deficiencies have now been remedied. [*See* DE 30-1 at 158–59; DE 30-2 at 177].

Thus, the Revised Settlement Agreement is fair, reasonable, and adequate. Under the agreement, LVNV has agreed to return to the class members all prejudgment court costs and post-judgment fees LVNV allegedly sought in violation of Kentucky law, as well as $75.00 in statutory damages.

*1.     Standard*

Class action suits may be settled only with the court's approval. Fed. R. Civ. P. 23(e). Approval of a class action settlement involves two-stages: 1) "The judge reviews the proposal preliminarily to determine whether it is sufficient to warrant public notice and a hearing"; and 2) "If so, the final decision on approval is made after the hearing." *Ann. Manual Complex Lit.* (Fourth) § 13.14 (2019); *see also Thacker v. Chesapeake Appalachia, L.L.C.*, 259 F.R.D. 262, 270 (E.D. Ky. 2009) (referencing *Tenn. Ass'n of Health Maint. Orgs., Inc. v. Grier*, 262 F.3d 559, 565-66 (6th Cir. 2001)). "At the stage of preliminary approval, the questions are simpler, and the court is not expected to, and probably should not, engage in analysis as rigorous as is appropriate for final approval." *Spine & Sports Chiropractic, Inc. v. ZirMed, Inc*., No. 3:13-CV-00489, 2015 WL 1976398, at *1 (W.D. Ky. May 4, 2015) (quoting *Ann. Manual Complex Lit*. § 21.662 (4th ed.)). Courts apply a degree of scrutiny to proposed settlement agreements sufficient to avoid "rubber-stamp[ing]" a proposed settlement agreement, while still being "mindful of the substantial judicial processes that remain to test the assumptions and representations upon which the [proposed settlement agreement] are premised." *In re Inter-Op Hip Liab. Litig*., 204 F.R.D. 330, 338 (N.D. Ohio 2001).

To approve a proposed settlement, the court must determine whether it is "fair, reasonable, and adequate." *Whitlock v. FSL Mgmt., LLC*, 843 F.3d 1084, 1093 (6th Cir. 2016); Fed. R. Civ. P. 23(e)(2). Rule 23(e) provides the court with factors to consider when making this determination. The Advisory Committee, in amending Rule 23(e) in 2018, did not intend to displace factors developed by the circuit courts in deciding whether to approve a proposed settlement agreement, but rather to "focus the court . . . on the core concerns . . . that should guide" the court's determination. Federal R. Civ. P. 23(e) advisory committee's note to 2018 amendment. This Court thus considers both the Rule 23(e) factors and the factors set forth by the Sixth Circuit. *Peck v. Air Evac EMS, Inc.*, No. CV 5: 18-615-DCR, 2019 WL 3219150, at *5 (E.D. Ky. July 17, 2019).

    2.    *Analysis*

Because the parties' showing satisfies the Rule 23(e)(2) and Sixth Circuit factors, the Court will likely be able to approve the Revised Settlement Agreement as "fair, reasonable, and adequate."

    a.  Rule 23(e)(2)

Under the Rule 23(e)(2) factors, settlement is "fair, reasonable, and adequate" if:

> (A) the class representatives and class counsel have adequately represented the class;
> (B) the proposal was negotiated at arm's length;
> (C) the relief provided for the class is adequate, taking into account:
> > (i) the costs, risks, and delay of trial and appeal;
> > (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
> > (iii) the terms of any proposed award of attorney's fees, including timing of payment; and
> > (iv) any agreement required to be identified under Rule 23(e)(3); and
>
> (D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

First, the class representative and class counsel have adequately represented the class by reaching an arm's-length settlement agreement with LVNV which fully refunds the members of the class. Based on class counsels' prior litigation of similar FDCPA actions, they had adequate information from which to evaluate the strength of their case and to negotiate. [DE 22-2 at 107]; *See* FED. R. CIV. P. 23(e)(2) Advisory Committee's Note (2018 Amendment) (When considering the adequacy of representation, "the nature and amount of discovery in this or other cases, or the actual outcomes of other cases, may indicate whether counsel negotiating on behalf of the class had an adequate information base. The pendency of other litigation about the same general subject on behalf of class members may also be pertinent"). Under the Revised Settlement Agreement, the class is fully refunded. An agreement, such as this, which substantially favors the class, warrants finding that the class was adequately represented.

Second, the settlement agreement was negotiated at arm's length for more than five months. [DE 22-2 at 107]. Negotiations required "numerous phone conferences, correspondence, and drafts of proposed class action settlement agreement (sic)." *Id.* The Revised Settlement Agreement was only reached after "revisions, re-writes, and negotiations between respective counsel over a period of several weeks." *Id.*; *See Thacker v. Chesapeake Appalachia, L.L.C.*, 695 F. Supp. 2d 521, 531-532 (E.D. Ky. 2010) (finding that the settlement was fair, adequate, and reasonable when the "parties engaged in extensive, arms-length negotiations for over four months, which . . . allowed the parties to fully explore their respective factual and legal positions").

Third, the relief provided is adequate. Mr. Elliott alleges that LVNV sought prejudgment court costs and post-judgment fees from the class members in violation of Kentucky law. The settlement is adequate because the recompense provided by the Revised Settlement Agreement is calculated to fully refund class members for the amount sought by LVNV:

The settlement agreement refunds all allegedly improper amounts that LVNV sought or collected from the class members. Additionally, LVNV will provide class members an additional account credit.

Thus, pursuant to the Settlement Agreement, no class member will have paid more than Plaintiff alleges they should have paid, and all class members will receive cash or credit against their judgments. The settlement essentially removes the amounts Plaintiff claims were improperly added to the judgment balances and makes the class members whole."

[DE 22 at 78].

In total, LVNV has agreed to pay $93,000 by check to class members with closed accounts and to credit $488,610 to class members with open accounts. [DE 30-1 at 159]. There is no evidence or concern about collusion here because the class members, after being fully refunded, will receive an additional $75.00 from LVNV.

Class counsel requests, LVNV agrees, and the Court preliminarily approves attorneys' fees and costs totaling $80,000.[4] [DE 30-1 at 166]. The parties settled on $80,000 for fees and costs after considering "the novelty of the 'bill of cost' claim alleged in this . . . case," which class counsel was the "first to identify, research, develop, and litigate as an alleged violation of the FDCPA"; "the resulting change of practice of consumer collection practice in Kentucky"; "the complexity and scope of the class action"; "the economy and efficiency of judicial resources achieved"; and "the opportunity costs" for class counsel of litigating this as a class action as opposed to a series of separate, individual claims. [DE 22-2 at 108]. Attorneys' fees were "not addressed until agreement was reached as to the relief provided to the Class Members." *Id*. Attorneys' fees and costs will be "paid in addition to, and not out of, the amounts paid to the class representative and class members." [DE 22 at 70].

---

[4] Class counsels' only costs so far have been $407.78 in filing fees and service costs. [DE 22-2 at 108].

The benchmark for the preliminary approval of awards of attorneys' fees is 25% of the common fund. *See, e.g., Fournier v. PFS Invs., Inc.*, 997 F.Supp. 828, 832 (E.D.Mich.1998) ("The 'benchmark' percentage for this standard has been 25% [of the common fund], with the ordinary range for attorney's fees between 20–30%."). Of course, this case does not involve the payment of attorneys' fees and expenses out of the common fund. Rather, fees and expenses are paid from a separate fund. The Court notes, however, that if the requested award of fees and expenses was paid out of the common fund, this would only represent 13% of the common fund, well below the benchmark that is often approved.

The parties explicitly disclaim any side agreements: "This Settlement Agreement constitutes the entire agreement between the Parties with regard to the subject matter contained herein, and all prior negotiations and understandings between the Parties shall be deemed merged into this Settlement Agreement." [DE 30-1 at 170-171].

Fourth, the settlement treats class members equitably. While the class members may receive differing amounts, the amount that each class member will receive is based on the amount LVNV improperly assessed him or her. Thus, the class members are treated equitably relative to each other. *See In re Skechers Toning Shoe Prod. Liab. Litig.*, No. 3:11-MD-2308-TBR, 2012 WL 3312668, at *9 (W.D. Ky. Aug. 13, 2012) ("The terms of the settlement are fair to the class members because members are treated equally with differentiation only based on the price of the Skechers product they purchased").

b. Sixth Circuit's Factors.

The Sixth Circuit has set forth factors to help courts determine whether a settlement is "fair, reasonable, and adequate" for purposes of preliminary approval: "(1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery

engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest." *Pelzer v. Vassalle*, 655 F. App'x 352, 359 (6th Cir. 2016) (citing *Int'l Union, United Auto., Aerospace, & Agr. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 641 (6th Cir. 2007).

First, "Courts presume the absence of fraud or collusion in class action settlements unless there is evidence to the contrary." *Thacker v. Chesapeake Appalachia*, L.L.C., 695 F. Supp. 2d 521 (E.D. Ky. 2010) (quoting *Leonhardt v. ArvinMeritor, Inc*., 581 F. Supp. 2d 818, 838 (E.D. Mich. 2008)). "When a settlement is the result of extensive negotiations by experienced counsel, the Court should presume it is fair." *In re Skechers Toning Shoe Prod. Liab. Litig., No. 3:11-MD-2308-TBR, 2012 WL 3312668, at *9 (W.D. Ky. Aug. 13, 2012)* (internal quotation marks omitted) (quoting *In re Inter–Op Hip Prosthesis Liab. Litig*., 204 F.R.D. 330, 351 (N.D.Ohio 2001). In this case, where the class members are fully refunded and the parties negotiated at arm's length for more than five months, there is no reason to think that the parties colluded.

Second, the parties, in reaching the Revised Settlement Agreement, considered the "complexity, expense and likely duration of the litigation." Plaintiff believes the Revised Settlement Agreement provides prompt and effective relief to the class and avoids the "uncertainty inherent in establishing liability of LVNV . . . [and] . . . in the various theories of damages, even if Mr. Elliot prevailed in establishing the liability of LVNV." [DE 30-1 at 152]. LVNV, likewise, believes the settlement resolves "Mr. Elliott's claims and the Class Members' claims, as well as the underlying matters without undue expense to the Parties, while reducing the burdens and uncertainties associated with protracted litigation of these claims." *Id*. This matter has been pending since 2016and both parties have already spent considerable time and expense.

Third, the parties engaged in sufficient discovery. LVNV provided class counsel "information pertinent to certification, including disclosures concerning class size, scope and damages. Through the "disclosures made by LVNV . . . [class counsel] . . . acquired sufficient knowledge and information to assess the merits of the claims, potential defenses and potential settlement." [DE 22-2 at 107]. The discovery most pertinent to the value of the settlement is that related to class size, scope, and damages, which the parties have already undertaken.

Fourth, "the most important of the factors to be considered in reviewing a settlement is the probability of success on the merits. The likelihood of success, in turn, provides a gauge from which the benefits of the settlement must be measured." *Poplar Creek Dev. Co. v. Chesapeake Appalachia, L.L.C.*, 636 F.3d 235, 245 (6th Cir. 2011) (quoting *In re Gen. Tire & Rubber Co. Sec. Litig.*, 726 F.2d 1075, 1086 (6th Cir. 1984)). LVNV's decision to refund fully the class suggests that LVNV weighed the risks and costs of going to trial and believed Plaintiff had a strong chance of prevailing on the merits. When, as here, success on the merits is likely, a settlement that fully refunds the class is appropriate.

Fifth, class counsel has spent "hundreds of hours in CLE's, conferences . . . [and] . . . FDCPA case review[s]," has previously litigated more than 300 consumer rights cases, including FDCPA claims, and has shaped the "recent development of Kentucky consumer law" by "establishing substantive case law precedent." [DE 22-2 at 109-110]. Courts in the Sixth Circuit defer to the informed and reasoned judgment of class counsel and their weighing of the risks and benefits of protracted litigation. *Thacker v. Chesapeake*, 695 F. Supp. 2d at 521; *UAW v. Ford Motor Co.*, No. 07-CV-14845, 2008 WL 4104329 at *26 (E.D. Mich. Aug. 29, 2008); *Dick v. Sprint Commc'ns Co. L.P.*, 297 F.R.D. 283, 297 (W.D. Ky. 2014); *In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508, 525 (E.D. Mich. 2003); *Williams v. Vukovich, 720 F.2d 909, 923 (6th Cir.*

1983).  Based on their extensive experience and expertise litigating consumer cases and FDCPA claims, class counsel believes that the settlement is in the "best interest of the Plaintiff."  [DE 22-2 at 111].  Having found no collusion or reason to suspect fraud in the settlement, the Court defers to class counsels' reasoned assessment as to the benefit of settlement.

Sixth, because the Court is reviewing this issue at the preliminary, pre-notice stage, the reaction of absent class members is impossible to know.  That said, the settlement will fully refund the class members, and therefore possible most class members will not opt-out or object to a settlement which does so.

Finally, the Court finds that settlement serves the public interest.  "[T]here is a strong public interest in encouraging settlement of complex litigation and class action suits because they are 'notoriously difficult and unpredictable' and settlement conserves judicial resources." *In re Cardizem*, 218 F.R.D. at 530  (quoting *Granada Inv., Inc. v. DWG Corp.*, 962 F.2d 1203, 1205 (6th Cir.1992)). There is no basis for not adhering to that policy here, especially when the settlement makes the class whole.

**D.     The Proposed Settlement's Notice Materials Satisfy the Requirements of Rule 23**

Because this Court has granted preliminary approval, it "must direct notice in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1).  The Court must direct notice under Rule 23(c)(2)(B), which requires that the notice must include in plain, easily understood language:

> (i) the nature of the action;
> (ii) the definition of the class certified;
> (iii) the class claims, issues, or defenses;
> (iv) that a class member may enter an appearance through an attorney if the  member so desires;
> (v) that the court will exclude from the class any member who requests exclusion;
> (vi) the time and manner for requesting exclusion; and

(vii) the binding effect of a class judgment on members under Rule 23(c)(3).

"Notice of the terms of the settlement must be provided to the class in plain, easily understood language." *Walter v. Hughes Commc'ns, Inc*., No. 09–2136 SC, 2011 WL 2650711, at *12 (N.D. Cal. July 6, 2011) (internal quotation marks omitted). "The notice provided to class members must include enough information to allow the class members to make an informed choice of whether to approve or disapprove the settlement*." Bowling v. Pfizer, Inc*., 143 F.R.D. 141, 160 (S.D. Ohio 1992) (citing *Weinberger v. Kendrick*, 698 F.2d 61, 71 (2d Cir. 1982)).

Here, the Revised Notice provides information about the action:

> This Lawsuit was filed against Defendant LVNV Funding, LLC ("LVNV"), claiming that it violated state and federal law by attempting to collect court costs to which it was not entitled by attempting to collect judgment lien filing fees to which it was not entitled; and by attempting to collect garnishment filing fees to which it was not entitled. Plaintiff asserts that such acts renders LVNV liable under Kentucky state law and the Fair Debt Collection Practices Act (the "FDCPA"). LVNV denies Plaintiff's allegations and asserts that any alleged error was a bona fide error that occurred notwithstanding the maintenance of procedures reasonably adapted to avoid such errors. In addition, LVNV asserts a number of defenses under state and federal law, including, but not limited to, that certain claims are barred by the Rooker-Feldman doctrine, collateral estoppel, that Plaintiff cannot state a claim under Kentucky law or the FDCPA, and that Plaintiff cannot state a claim for violation of a state civil rule of procedure.

[DE 30-2 at 173].

The Revised Notice defines the certified class and explains class claims, issues, and defenses. *Id*. at 173-177.

The Revised Notice, however, does not clearly inform class members that they may enter an appearance through an attorney. In the section entitled "What if you want to object to the settlement?", the Revised Notice describes the process for objecting to the settlement and notes that the objection or letter must state "the names, addresses, and phone numbers of all witnesses whom you or your attorney intends to call at the Final Fairness Hearing." *Id*. at 179. In the section

entitled, "Entering an appearance," the Revised Notice mentions 23(c)(2)(B)(iv), but does not fully explain what that rule means. *Id*. at 178. Based on this incomplete information, class members would not know that they may enter an appearance through an attorney. Although the Revised Notice fails to inform class members that they may enter an appearance through an attorney, the parties' failure to include this provision is not fatal to the Revised Notice, as the Court will allow the parties to amend it to include it.

The Revised Notice explains the class members' options, the manner for requesting exclusion, and the timeframe in which they must do it. *Id*. at 178-179.

Finally, it notes that if an individual chooses to do nothing, he or she is bound by the terms of the settlement. *Id*. at 179

The Court finds that the Revised Notice, with the revisions regarding appearance of counsel as described above, is reasonably clear and conforms to the requirements of Rule 23(c).

## III.   CONCLUSION

For these reasons, and being otherwise sufficiently advised, the Court **ORDERS** that the Renewed Joint Motion for Certification of Settlement Class and Preliminary Approval of Class Action Settlement Agreement, [DE 30], is **GRANTED**.

**IT IF FURTHER ORDERED** that:

(1)   The Revised Settlement Agreement and the settlement it incorporates, are preliminarily approved as fair, reasonable and adequate.

(2)   The Action is **PRELIMINARILY CERTIFIED** as a class action for settlement purposes only, pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

(3)   For settlement purposes only, the Court **CONDITIONALLY CERTIFIES** the classes of persons described in the Revised Settlement Agreement and

defined as:

**(a)      Class I: "Prejudgment Court Costs Class"**

All consumers against whom LVNV or its respective predecessors in interest, agents, employees, attorneys, or representatives (collectively, "LVNV"), filed a lawsuit in Kentucky, obtained a judgment against the consumer, and attempted to collect or did collect via a post-judgment garnishment between October 27, 2015, and the date the Court signs the order preliminarily approving the Revised Settlement Agreement, prejudgment court costs from the consumer without filing a bill of costs itemizing the prejudgment court costs LVNV attempted to recover, or actually recovered.   Members of Class I include consumers against whom LVNV actually collected prejudgment court costs without filing a bill of costs itemizing the costs recovered from the consumer and those consumers whom LVNV attempted to, but did not collect prejudgment court costs without filing a bill of costs itemizing the costs sought to be recovered from the consumer.

**(b)      Class II: "Judgment Lien Filing Fee and Garnishment Fee Class"**

All consumers against whom LVNV or its respective predecessors in interest, agents, employees, attorneys, or representatives (collectively, "LVNV"), filed a lawsuit in Kentucky, obtained a judgment against the consumer, and attempted to collect or did collect via a post-judgment garnishment between October 27, 2015, and the date the Court signs the order preliminarily approving the Revised Settlement Agreement, a post-judgment filing fee paid by LVNV to file a "Notice of Judgment Lien Upon Real Estate" pursuant to a judgment entered against the consumer.  Members of Class II include consumers against whom LVNV actually collected a post-judgment filing fee paid by LVNV to file a "Notice of Judgment Lien Upon Real Estate" pursuant to a judgment entered against the consumer and those consumers against whom LVNV attempted to, but did not collect a post-judgment filing fee paid by LVNV to file a "Notice of Judgment Lien Upon Real Estate" pursuant to a judgment entered against the consumer.  Members of Class II also include all consumers against whom LVNV filed a lawsuit in Kentucky, obtained a judgment against the consumer, and attempted to collect or did collect via a post- judgment garnishment between October 27, 2015, and the date the Court signs the order preliminarily approving the Revised Settlement Agreement, a post-judgment garnishment fee paid by LVNV to either a garnishee or a clerk of court to file a garnishment to enforce a judgment entered against a consumer.  This includes consumers against whom LVNV actually collected a post- judgment garnishment fee paid by LVNV to file a garnishment to enforce a judgment entered against the consumer and those consumers against whom LVNV attempted to, but did not collect a post-judgment garnishment fee paid by LVNV to file a garnishment to enforce a judgment entered against the consumer.

(4)   A "Settlement Class Member" includes any person falling within the definition of any one or more of the two Settlement Classes and if such person filed a petition in bankruptcy after the issuance of a Statutory Notice, the bankruptcy trustee for such person.

(5)   Plaintiff Anthony Elliott is **DESIGNATED** as representative of the conditionally certified Classes.  As discussed above, the Court preliminarily finds that he is similarly situated to absent Class Members and therefore typical of both Classes, and that he will be an adequate Class Representative.

(6)   James Hays Lawson, of Lawson at Law, PLLC, and James McKenzie, of James R. McKenzie Attorney, PLLC,  are **APPOINTED** as Class Counsel.

(7)   **A Fairness Hearing shall be held on January 28, 2020 at 9:30 AM,** at the United States District Court for the Western District of Kentucky, 601 West Broadway, Louisville, Kentucky 40202–2227, to determine, among other things:

(a)   whether the Action should be finally certified as a class action for settlement purposes pursuant to Fed. R. Civ. P. 23(a), and (b)(3);

(b)   whether the settlement of the Action should be approved as fair, reasonable and adequate, and finally approved pursuant to Fed. R. Civ. P. 23(e);

(c)   whether the Action should be dismissed with prejudice pursuant to the terms of the Revised Settlement Agreement;

(d)   whether Class Members should be bound by the release set forth in the Revised Settlement Agreement;

(e)   whether the application of Class Counsel for an award of Attorneys' Fees and Expenses should be approved pursuant to Fed. R. Civ. P. 23(h); and

(f)     whether the application of the named Plaintiff for an incentive award should be approved.

The submissions of the Parties in support of the settlement, including Plaintiff's Counsels' application for Attorneys' Fees and Expenses and incentive awards, shall be filed with the Court **no later than thirty-five (35) days prior to the Fairness Hearing** and may be **supplemented up to seven (7) days prior** to the Fairness Hearing.

(8)     The Fairness Hearing may be postponed, adjourned, transferred, or continued by order of the Court without further notice to the Settlement Classes except to those Class Members who file timely objections to the Settlement.  After the Fairness Hearing, the Court may enter a Settlement Approval Order and Final Judgment in accordance with the Revised Settlement Agreement that will adjudicate the rights of all Class Members.

(9)     In consultation with and with the approval of Plaintiff, LVNV is authorized to establish the means necessary to administer the proposed settlement and implement the claim process, in accordance with the terms of the Revised Settlement Agreement.

(10)    LVNV shall provide the Class List to Class Counsel within thirty (30) days from the date of the entry of this Order.

(11)    The Revised Notice and the notice methodology described in the Revised Settlement Agreement are **CONDITIONALLY APPROVED** in accordance with the Court's analysis conducted above.

(a)    Beginning not later than forty-five (45) days from the date of entry of this Order, and to be substantially completed not later than ninety (90) days before the Fairness Hearing, LVNV shall cause to be mailed to each Class Member the Revised Notice by first class mail, postage prepaid, addressed to his or her last known address as indicated in LVNV's records. Each mailed Notice shall be sent with a request for a forwarding address.

(b)    The distribution of the Revised Notice shall otherwise comply with Fed. R. Civ. P. 23 and any other applicable statute, law, or rule, including, but not limited to, the Due Process Clause of the United States Constitution.

(c)    In the event that a mailed notice is returned undeliverable and a forwarding address is provided, LVNV shall forward any such returned notice to the address provided within five (5) business days.

(12) The Court, in accordance with its above-stated conclusions, finds that the form, content and method of giving notice to the Class as described above:

(a)    will constitute the best practicable notice;

(b)    is reasonably calculated, under the circumstances, to apprise the Class Members of the pendency of the Action, the terms of the proposed settlement, and their rights under the proposed settlement, including, but not limited to, their right to object to or exclude themselves from the proposed settlement and other rights under the terms of the Revised Settlement Agreement;

(c)    are reasonable and constitute due, adequate, and sufficient notice to all Class Members and other persons entitled to receive notice; and

26

(d)     meet all applicable requirements of law, including, but not limited to, 28 U.S.C. § 1715, Fed. R. Civ. P. 23(c) and (e) and the Due Process Clause(s) of the United States Constitution.

(e)     The Court further finds that all of the notices are written in simple terminology, are readily understandable by Class Members, and comply with the Federal Judicial Center's illustrative class action notices.

(13)    At least **ten (10) days prior to the Fairness Hearing**, after mailing, Class Counsel and Defendant's Counsel shall file with the Court a notice of mailing the Revised Notice to the Class Members.

(14)    No later than **forty-five (45) days before the date of the Fairness Hearing**, any member of the Settlement Classes who desires to be excluded from the Settlement Classes must file a written request for exclusion with the Court and mail the written request for exclusion addressed to Class Counsel and LVNV's Counsel as follows:

Class Counsel:          James H. Lawson, Esq.
Lawson at Law, PLLC
115 S. Sherrin Ave., Suite 5
Louisville, KY 40207

James R. McKenzie, Esq.
James R. McKenzie Attorney, PLLC
115 S. Sherrin Ave., Suite 5
Louisville, KY 40207

LVNV's Counsel:       Gregory S. Berman
Jordan M. White
WYATT, TARRANT & COMBS, LLP
500 West Jefferson Street, Suite 2800
Louisville, Kentucky 40202-2898

The request for exclusion must include the Class Member's full name, current

address, telephone number, the name and caption of this Action, the last four digits of his or her Social Security number, his or her signature, together with a statement to the effect that he or she wishes to be excluded from or opt out of the Classes.  All such persons who timely and properly mail requests for exclusion from the Settlement Classes shall not be a Class Member and shall have no rights with respect to the Settlement and no interest in the settlement proceeds.

(15)   Class Counsel shall file with the Court and serve a copy upon LVNV's Counsel of all timely and valid requests for exclusion or a list identifying those who submitted timely and valid requests for exclusion no later than **thirty-five (35) days before the Fairness Hearing.**

(16)   All proceedings in this Action are stayed, other than proceedings relating to the approval of the class action settlement.  Class Members who do not timely and validly exclude themselves from the Revised Settlement Agreement are enjoined from prosecuting any non-filed or pending individual or class claims asserting any claim(s) encompassed by the claims described in the Revised Settlement Agreement.

(17)   Any Class Member who timely and properly elects to exclude themselves from this Settlement may proceed with his or her own action.

(18)   Any Class Member or counsel hired at any Class Member's own expense who complies with the requirements of this paragraph may object to any aspect of the proposed settlement.

(a)   Any Class Member who has not filed a timely written request for exclusion and who wishes to object to the fairness, reasonableness, or adequacy of the

Revised Settlement Agreement, the award of Attorneys' Fees and Expenses, or the individual awards to Plaintiff, must deliver to the Class Counsel identified in the Class Notice and to LVNV's Counsel, and file with the Court, no later than twenty (20) days before the date scheduled for the Fairness Hearing, or as the Court otherwise may direct:

(i)     the Class Member's full name, address, telephone number, and the last four digits of his or her Social Security number;

(ii)    a written statement of objections, as well as the specific reason(s), if any, for each objection, including any legal and factual support the Class Member wishes to bring to the Court's attention;

(iii)   any evidence or other information the Class Member wishes to introduce in support of the objections, including the names, addresses, and phone numbers of all witnesses whom the Class Member or the Class Member's attorney intends to call at the Fairness Hearing; and

(iv)    a statement of whether the Class Member intends to appear and argue at the Fairness Hearing.

Class Members may do so either on their own or through an attorney retained at their own expense. Any Class Member filing an objection may be required to sit for deposition regarding matters concerning the objection.

b.      Any Class Member who files and serves a written objection, as described above, may appear at the Fairness Hearing, either in person or through personal counsel hired at the Class Member's expense, to object to the

fairness, reasonableness, or adequacy of the Revised Settlement Agreement or the proposed settlement, or to the award of Attorneys' Fees and Expenses or awards to the individual Plaintiffs. Class Members or their attorneys who intend to make an appearance at the Fairness Hearing must deliver a notice of intention to appear to Class Counsel and to LVNV's Counsel, and file said notice with the Court, no later than **twenty (20) days before the date scheduled for the Fairness Hearing**, or as the Court may otherwise direct. Any Class Member who fails to comply with the provisions in this section shall waive and forfeit any and all rights he or she may have to appear separately and/or to object, and shall be bound by all the terms of the Revised Settlement Agreement, this Order, and by all proceedings, orders, and judgments, including, but not limited to, the Release in the Revised Settlement Agreement in the Action.

(19) Class Counsel and LVNV shall promptly furnish to each other copies of any and all objections or written requests for exclusion that might come into their possession.

(20) Class Counsel and LVNV are authorized to use and disclose such information as is contemplated and necessary to effectuate the terms and conditions of this Settlement, and to protect the confidentiality of the names and addresses of Class Members or other confidential or proprietary information pursuant to the terms of the Revised Settlement Agreement.

(21) This Order shall become null and void and shall be without prejudice to the rights of the parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if:

(a)     the settlement is not finally approved by the Court, or does not become final, pursuant to the terms of the Revised Settlement Agreement;

(b)     the settlement is terminated in accordance with the Revised Settlement Agreement; or

(c)     the settlement does not become effective as required by the terms of the Revised Settlement Agreement for any other reason.

In such event, the settlement and Revised Settlement Agreement shall become null and void and be of no further force and effect, and neither the Revised Settlement Agreement nor the Court's orders, including this Order, relating to the settlement shall be used or referred to for any purpose whatsoever.

(22)    This Order shall be of no force or effect if the settlement does not become final and shall not be construed or used as an admission, concession, or declaration by or against LVNV of any fault, wrongdoing, breach, or liability.  Nor shall this Order be construed or used as an admission, concession, or declaration by or against Plaintiff Mr. Elliott or the other Class Members that their claims lack merit or that the relief requested is inappropriate, improper, or unavailable, or as a waiver by any party of any defenses or claims he, she, or it may have in this Action or in any other lawsuit.

(23)    This Court shall maintain continuing jurisdiction over these settlement proceedings to assure the effectuation thereof for the benefit of the Class.

(24)    Computation of Time.  When any period of time set by this Order ends on a date certain and that date certain falls upon a Saturday, Sunday or legal holiday, the period of time continues to run until the end of the next day that is not a Saturday,

Sunday or legal holiday.

(24)    In sum, the dates for performance are as follows:

| | |
|---|---|
| Defendants provide the Class List to Class Counsel: | September 23, 2019<br><br>30 days from the entry of the Court's preliminary approval order. |
| Class Notice **Mailing Initiated** By: | Oct. 7, 2019<br><br>45 days from entry of the Court's preliminary approval order. |
| Class Notice **Mailing Completed** By: | Oct. 30, 2019<br><br>Not later than ninety (90) days before the Fairness Hearing. |
| Deadline for Filing and Serving Requests for Exclusion: | December 16, 2019<br><br>Not later than forty-five (45) days before the Fairness Hearing. |
| Deadline for the filing of Motion for Final Approval and other papers in support of Settlement: | December 24, 2019<br><br>Not later than thirty-five (35) days before the Fairness Hearing. |
| Deadline for Filing and Serving Objections: | January 8, 2019<br><br>Not later than twenty (20) days before the Fairness Hearing. |

| | |
|---|---|
| The Fairness Hearing Shall Be Held on: | January 28, 2020 |

Rebecca Grady Jennings, District Judge
United States District Court

August 23, 2019

Cc:     Counsel of record